# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EMINE SAHIN,<br><br>        Petitioner,<br><br>v.<br><br>REGGIE RADER, *et al.*,<br><br>        Respondents. | Case No. 2:26-cv-00134-RFB-MDC<br><br>**ORDER TO SHOW CAUSE** |

    Petitioner Emine Sahin, immigration detainee, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2), and Motion for Appointment of Counsel (ECF No. 1). She challenges the lawfulness of her detention at Henderson Detention Center in the custody of Federal Respondents. The Court has reviewed the Petition and preliminarily finds Petitioner can demonstrate that her circumstances warrant the same relief as this Court ordered for Petitioners Mena-Vargas and Reyes-Lopez in Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025).

    The Court also finds that appointment of counsel is in the interests of justice.[1] Therefore **IT IS FURTHER ORDERED** that the Motion for Appointment of Counsel (ECF No. 1) is **GRANTED**. The Federal Public Defender for the District of Nevada is appointed to represent Petitioner Emine Shan and is directed to file a notice of appearance on or before **January 23, 2026**.

    **IT IS FURTHER ORDERED** that Respondents are **ORDERED TO SHOW CAUSE** why

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing Kreiling v. Field, 431 F.2d 638, 640 (9th Cir. 1970) (*per curiam*)). Indeed, the Court may appoint counsel at any stage of the proceedings if the interests of justice so require. See 18 U.S.C. § 3006A; see also Rule 8(c), Rules Governing § 2254 Cases; Chaney, 801 F.2d at 1196.

the Petition should not be granted. See 28 U.S.C. § 2243. Respondents shall file, in writing, within three days, **a (i) notice of appearance** and **(ii) "a return certifying the true cause of detention"** on or before **January 26, 2026.** See id. Petitioner may file a traverse on or before **January 29, 2026**.

**IT IS FURTHER ORDERED** that the Parties shall indicate in their briefing whether they request oral argument or an evidentiary hearing on the Petition. The Court would be amenable to ruling on the papers if the parties indicate that they are willing to waive a hearing. If Respondents have no new arguments to offer that have not already been addressed by the Court, they may so indicate by reference to their previous briefing, while reserving appellate rights. They may not, however, incorporate briefing in a manner that would circumvent the page limits under LSR 3-2 without leave. Respondents should file the referenced briefing as an attachment for Petitioner's counsel's review.

Additionally, the Court finds Petitioner has established a *prima facie* case for relief and that ordering Respondents to produce documents reflecting the basis for their detention of Petitioner is necessary for the Court to "dispose of the matter as law and justice require." See Harris v. Nelson, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require'") (citing 28 U.S.C. § 2243). Therefore, **IT IS FURTHER ORDERED** that Respondents must file with their return any documents referenced or relied upon in their responsive pleading. If Respondents' asserted basis for detaining Petitioner is reflected in any documents in their possession, including, but not limited to, an arrest warrant, Notice to Appear, Form-286, and/or Form I-213 relevant to Petitioner's arrest, detention, and removal proceedings, Respondents must so indicate, and file said documents with their pleading. If no such documents exist to support the asserted basis for detention, Respondents must indicate that in their return.

**IT IS FURTHER ORDERED** that Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all motions filed by either party.

1   **IT IS FURTHER ORDERED** that the Parties shall file all documents and exhibits in
2   accordance with Local Rules LR IA 10-1 through 10-5.

3   **IT IS FURTHER ORDERED** that the Parties must meet and confer regarding any requests
4   for an extension of deadlines and stipulate to the extension if possible. Any motion for extension
5   must certify efforts taken to meet and confer and indicate the opposing party's position regarding
6   the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b)
7   and Local Rules IA 6-1, 6-2.

8   **IT IS FURTHER ORDERED** that Respondents shall not transfer Petitioner out of this
9   District. This Court has "express authority under the All Writs Act to issue such temporary
10  injunctions as may be necessary to protect its own jurisdiction." F.T.C. v. Dean Foods Co., 384
11  U.S. 597, 601 (1966); see also Al Otro Lado v. Wolf, 952 F.3d 999, 1007 n.6 (9th Cir. 2020)
12  ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the
13  district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)).
14  Were Petitioner prematurely removed from the United States District of Nevada, or more broadly
15  the United States, the removal could interfere with the Court's jurisdiction over her claims. Given
16  the exigent circumstances surrounding Petitioner, the Court finds that this Order is warranted to
17  maintain the *status quo* pending resolution on the merits, and the Court finds that Petitioner has
18  satisfied the factors governing the issuance of such preliminary relief.

19  **IT IS FURTHER KINDLY ORDERED** that the Clerk of Court:

20  1. **DELIVER** a copy of the Petition (ECF No. 2), exhibits (ECF Nos. 3, 3-1, 3-2, 3-3, 3-4,
21  3-5, 3-6, 3-7, 3-8, 3-9, 3-10, 3-11, 3-12, 3-13, 3-14, 3-15, 3-16, 3-16, 3-17, 3-18, 3-19, 3-20, 3-21,
22  3-22, 3-23, 3-24, 3-25, 3-26), Motion to Seal (ECF No. 4), sealed exhibit (ECF No. 5), and this
23  Order to the U.S. Marshal for service.

24  2. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested
25  Party.

26  3. **ADD** counsel Christian Orme at christian.orme@cityofhenderson.com to the docket as
27  the representative for Respondent Henderson Chief of Police Reggie Radar.

28  3. **SEND**, through CM/ECF, a copy of the Pa copy of the Petition (ECF No. 2), exhibits

- 3 -

(ECF Nos. 3, 3-1, 3-2, 3-3, 3-4, 3-5, 3-6, 3-7, 3-8, 3-9, 3-10, 3-11, 3-12, 3-13, 3-14, 3-15, 3-16, 3-16, 3-17, 3-18, 3-19, 3-20, 3-21, 3-22, 3-23, 3-24, 3-25, 3-26), Motion to Seal (ECF No. 4), sealed exhibit (ECF No. 5), and this Order to:

    i. The United States Attorney for the District of Nevada at Sigal.Chattah@usdoj.gov, Veronica.criste@usdoj.gov, summer.johnson@usdoj.gov, and caseview.ecf@usdoj.gov in accordance with Federal Rule of Civil Procedure 5(b)(2)(E)

    ii. Counsel for Respondent Reggie Radar at christian.orme@cityofhenderson.com

4. **MAIL** a copy of the Petition (ECF No. 2), exhibits (ECF Nos. 3, 3-1, 3-2, 3-3, 3-4, 3-5, 3-6, 3-7, 3-8, 3-9, 3-10, 3-11, 3-12, 3-13, 3-14, 3-15, 3-16, 3-16, 3-17, 3-18, 3-19, 3-20, 3-21, 3-22, 3-23, 3-24, 3-25, 3-26), Motion to Seal (ECF No. 4), sealed exhibit (ECF No. 5), and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to:

1) Reggie Rader, Henderson Chief of Police, 223 Lead St., Henderson, NV 89105

2) Michael Bernacke, Salt Lake City Field Office Director for Immigration and Customs Enforcement and Removal Operations, 2975 Decker Lake Drive, Ste 100, West Valley City, UT 841179

3) Todd Lyons, Acting Director and Senior Official Performing the Duties of the Director for U.S. Immigration and Customs Enforcement, 500 12th Street, SW, Washington, DC 20536

4) Kristi Noem, Secretary, United States Department of Homeland Security, 245 Murray Lane SW, Washington, DC 20528

5) Pamela Bondi, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC, 20530

**IT IS FURTHER ORDERED** that the U.S. Marshal **SERVE** Petition (ECF No. 2), exhibits (ECF Nos. 3, 3-1, 3-2, 3-3, 3-4, 3-5, 3-6, 3-7, 3-8, 3-9, 3-10, 3-11, 3-12, 3-13, 3-14, 3-15, 3-16, 3-16, 3-17, 3-18, 3-19, 3-20, 3-21, 3-22, 3-23, 3-24, 3-25, 3-26), Motion to Seal (ECF No. 4), sealed exhibit (ECF No. 5), and this Order on the United States Attorney for the District of

Nevada or on an Assistant United States Attorney or clerical employee designated by the United States Attorney pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of Civil Procedure.

**DATED:** January 22, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**